**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4479**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JARVIS FORNEY,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:12-cr-00381-FDW-1)

Submitted: August 15, 2019                  Decided: August 26, 2019

Before NIEMEYER and THACKER, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Richard L. Brown, Jr., LAW OFFICES OF RICHARD L. BROWN, JR., Monroe, North Carolina, for Appellant. R. Andrew Murray, United States Attorney, Anthony J. Enright Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jarvis Forney appeals from the district court's order imposing a 20-month upward variant sentence upon revocation of his supervised release. Counsel initially filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there were no meritorious grounds for appeal but questioning whether the district court had imposed a plainly unreasonable revocation sentence. Forney filed pro se supplemental briefs that also challenged his sentence. After conducting our *Anders* review, we ordered supplemental briefing to address whether the district court improperly considered the need to punish Forney's revocation conduct when explaining his revocation sentence. Forney's counsel argues that the district court did so, and Forney moves for leave to file another pro se supplemental brief that echoes counsel's argument. We grant Forney's motion and affirm.[1]

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted) (quoting *Webb*, 738 F.3d at 640 (quoting *United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006))). "To consider whether a revocation sentence is plainly unreasonable, we first must determine whether the sentence is procedurally or substantively unreasonable." *Id.* (citation omitted). "A revocation sentence is procedurally

---

[1] We have considered the arguments raised in Forney's pro se briefs and conclude that they lack merit.

2

reasonable if the district court adequately explains the chosen sentence after considering the . . . Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) [(2012)] factors," *id.* (footnotes omitted) (citation omitted), and "explain[s] why [any] sentence outside of the [policy statement] range better serves the relevant sentencing [factors]," *id.* at 209 (citation omitted) (internal quotation marks omitted); *see* 18 U.S.C. § 3583(e) (2012) (specifying § 3553(a) factors relevant to supervised release revocation). "[A] revocation sentence is substantively reasonable if the court sufficiently state[s] a proper basis for its conclusion that the defendant should receive the sentence imposed," up to the statutory maximum. *Slappy*, 872 F.3d at 207 (internal quotation marks omitted) (quoting *Crudup*, 461 F.3d at 440). Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable. *Id.* at 208.

In fashioning an appropriate sentence, "the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b) (U.S. Sentencing Comm'n 2018). While the court also must consider certain factors enumerated under § 3553(a), § 3583(e) excludes consideration of "the need for the sentence . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." § 3553(a)(2)(A); *see* § 3583(e); *Webb*, 738 F.3d at 641. We have recognized, however, that the § 3553(a)(2)(A) factors "are intertwined with the factors courts are expressly authorized to consider under § 3583(e)." *Webb*, 738 F.3d at 641 (citations omitted). Thus, although the district court may not rely "predominately" on the § 3553(a)(2)(A) factors in selecting

3

a revocation sentence, "mere reference to such considerations does not render a revocation sentence procedurally unreasonable when those factors are relevant to, and considered in conjunction with, the enumerated § 3553(a) factors." *Id.* at 642 (citation omitted).

At the revocation hearing, Forney did not object or otherwise call to the district court's attention that it may have improperly considered the need to punish Forney's revocation conduct. As such, we review Forney's procedural reasonableness challenge for plain error. *See United States v. Oceanic Illsabe Ltd.*, 889 F.3d 178, 194 (4th Cir. 2018). "In conducting plain error review, we assess: (1) whether there is an error; (2) whether the error is clear or obvious; and (3) whether the error affected the appellant's substantial rights." *Id.* at 200 (citing *United States v. Olano*, 507 U.S. 725, 734 (1993)). With respect to the third prong, the appellant bears the burden of proving "that the clear or obvious legal error at issue . . . affected the outcome of the district court proceedings." *United States v. Seignious*, 757 F.3d 155, 161 (4th Cir. 2014) (citation omitted) (internal quotation marks omitted). However, even if all three prongs of plain error review are established, "we have discretion whether to recognize the error, and should not do so unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Oceanic Illsabe Ltd.*, 889 F.3d at 200 (citation omitted) (internal quotation marks omitted).

Here, the district court considered Forney's admission that he violated the terms of his supervised release by possessing ammunition, as well as the Government's agreement not to prosecute him for that possession. The court also noted another aspect of the violation conduct—that circumstantial evidence suggested Forney had constructively possessed a firearm while on supervised release. Next, the court credited Forney's previous

4

good behavior on supervised release. Although the court also mentioned the need to punish Forney for his apparent constructive possession of a firearm, in addition to punishing him for breach of the court's trust, we conclude that the court's reliance on the need for punishment of the revocation conduct—a disfavored § 3553(a) factor—was not the court's predominate reason for imposing the 20-month sentence. *Cf. United States v. Bennett*, 698 F.3d 194, 200–01 (4th Cir. 2012) (holding the district court's predominate reason for the sentence at the revocation hearing was the breach of trust rather than rehabilitation because after making repeated statements about the supervisee's breach of trust throughout the hearing, immediately before sentencing, the court made a statement about the supervisee's need for an "intensive substance abuse treatment" and how the imposed sentence will "provide ample time for that"). Rather, the court considered the need for punishment "in conjunction with[] the enumerated § 3553(a) factors," *Webb*, 738 F.3d at 642 (citation omitted), relating to Forney's history and characteristics and the seriousness of the underlying revocation conduct, *id.* at 641. Finally, assuming that Forney could demonstrate that the district court committed an error that was plain, he has not established that any error affected his substantial rights by influencing the outcome of the revocation hearing. *See Oceanic Illsabe Ltd.*, 889 F.3d at 194; *Seignious*, 757 F.3d at 161. Specifically, neither Forney nor counsel asserts that the court's arguable error—considering the need to punish Forney's revocation conduct when explaining its revocation sentence—would have resulted in a lower sentence had the district court not committed the error about which he complains. Thus, Forney has failed to meet his burden under plain

error review to demonstrate that his sentence is procedurally unreasonable. *See Seignious*, 757 F.3d at 160–61.

Next, we consider the substantive reasonableness of Forney's revocation sentence. The district court varied upward 6 months from the top of Forney's policy statement range of 8 to 14 months. Our review confirms that Forney's revocation sentence is substantively reasonable as the district court reasoned that Forney needed to be punished for his breach of the court's trust, but determined that the punishment should not reach the statutory maximum in light of Forney's previous history of good behavior while on supervised release. *See Slappy*, 872 F.3d at 207.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other potentially meritorious grounds for appeal. We affirm the court's revocation judgment. This court requires that counsel inform Forney, in writing, of the right to petition the Supreme Court of the United States for further review. If Forney requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Forney.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*